FILED

OCT 20 2009

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

THOMAS K. HURLEY,                )
                                 )
        Plaintiff,               )   Civil Case No. 09-706-PK
                                 )
vs.                              )   OPINION AND ORDER
                                 )
CITY OF PORTLAND,                )
                                 )
        Defendant.               )

Montgomery W. Cobb
Cobb & Bossé, LLP
16115 SW 1st Street, Suite 201
Sherwood, OR 97104

    Attorney for Plaintiff

Jenifer M. Johnston
Franco A. Lucchin
City Attorney's Office
1221 S.W. Fourth Avenue, #430
Portland, OR 97204

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Thomas Hurley initially brought this claim in state court, alleging that his former employer, defendant City of Portland, unlawfully terminated his disability benefits. The original complaint alleged causes of action for breach of contract, discrimination by retaliation in violation of the Americans With Disabilities Act and Oregon law, and a claim under 42 U.S.C. § 1983 for violation of Hurley's First Amendment rights. The City of Portland removed the case to this court on the basis of federal subject matter jurisdiction.

Following briefing and oral argument on the City of Portland's motion to dismiss, Hurley voluntarily amended his complaint. Hurley's second amended complaint contains only a state law claim for breach of contract. Hurley's unopposed Motion for Remand (#23) is now before the court. Hurley's motion is granted, for the reasons set forth below.

## LEGAL STANDARD

A federal court can remand a case to state court for lack of subject matter jurisdiction at any time before the court issues a final judgment. 28 U.S.C. § 1447(c). The party opposing the motion for remand has the burden of proving federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). After the court examines possible bases for federal jurisdiction, any remaining doubt favors remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

A court has supplemental jurisdiction over state law claims that are so related to the claims over which the court has federal question jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). A federal district court, however, has discretion to decline

Page 2 - OPINION AND ORDER

supplemental jurisdiction under the conditions set out in 28 U.S.C. § 1367(c). *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The decision to decline jurisdiction is informed by the "values of economy, convenience, fairness and comity." *Id.* at 1001 (citations omitted). "[I]n the usual case in which all federal claims are eliminated before trial, the balance of factors . . . judicial economy, convenience, fairness and comity- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988). When federal law claims are "eliminated at an early stage of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351. Moreover, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Hurley's amended complaint eliminated all of his federal claims. Efficiency, convenience, fairness and comity support remand. Procedurally, this case is still in an early stage. In addition, this case now presents questions of state law best adjudicated in an Oregon court. I therefore decline to exercise supplemental jurisdiction and grant Hurley's motion to remand to state court.

## CONCLUSION

IT IS HEREBY ORDERED that Hurley's Motion to Remand (#23) is granted. This action is remanded to the Multnomah County Circuit Court.

Dated this 16, day of October, 2009.

/s/ Garr M. King
Garr M. King
United States District Judge

Page 3 - OPINION AND ORDER